AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 19mj2821 |
| Rufino Jody Martinez, a.k.a. "Mono" (YOB 1979 | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 24, 2018__ in the county of __Santa Fe__ in the _____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 922(g)(1) | Felon in Possession of a Firearm and Ammunition |

This criminal complaint is based on these facts:

See attached affidavit which is incorporated herein by reference.

☑ Continued on the attached sheet.

_____
Complainant's signature

Nancy Stemo, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 08-23-2019

_____
Judge's signature

City and state: Albuquerque, New Mexico

B. Paul Briones, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Nancy Stemo, being duly sworn, depose and say:

1. I have been a law enforcement officer since May 2016 and am employed as a Special Agent with the Federal Bureau of Investigation. This affidavit is submitted in support of a criminal complaint and arrest warrant charging Rufino Jody MARTINEZ, aka "Mono," (born in 1979) with violating 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm and Ammunition.

### Background:

2. I have reviewed MARTINEZ's criminal history and am aware he has several prior arrests in New Mexico with felony convictions for Aggravated Battery (1998), Battery Upon a Peace Officer (1999), Attempted Robbery (2008), Possession of a Controlled Substance-Heroin (2016), and Possession of a Controlled Substance-Meth (2016).

### Investigation:

3. On October 24, 2018, at approximately 10:24 am, officers with the Santa Fe County Sheriffs Department and Espanola Police Department were dispatched to the Presbyterian Espanola Hospital regarding an aggravated battery with a deadly weapon incident. Upon arrival, officers discovered D.S. was shot in the right side groin area and had driven himself to the hospital for medical treatment. D.S. was accompanied to the hospital by J.M. Medical personnel determined the projectile would not be removed from D.S.'s body.

4. D.S. initially refused to provide information but later indicated MARTINEZ shot him. D.S. told law enforcement personnel that he was at a friend's house in Cuarteles, New Mexico when he was shot. D.S. observed MARTINEZ arrive in a truck, and D.S. attempted to leave but was confronted by MARTINEZ and both were told to leave. D.S. and MARTINEZ departed the residence and stopped a short distance away. MARTINEZ retrieved a handgun from his truck and shot D.S.

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT**

5. D.S. told a nurse at the hospital that the shooter was an inmate he had previously had an altercation with. An inquiry with the Rio Arriba County Detention Center revealed there was an altercation between D.S. and MARTINEZ while they were incarcerated there.

6. MARTINEZ was on GPS monitoring on October 24, 2018, and the records show MARTINEZ was in the area of Cuarteles, New Mexico on that date and approximate time.

7. On October 25, 2018, MARTINEZ's girlfriend, Santana BUSTAMANTE was interviewed. BUSTAMANTE indicated she owned a 9mm handgun; however, law enforcement determined BUSTAMANTE owned a .40 caliber Glock. A search warrant was executed on MARTINEZ and BUSTAMANTE's shared residence in Alcalde, New Mexico, but no firearm was recovered. Law enforcement recovered .40 caliber ammunition and did not locate any 9mm ammunition. The .40 caliber ammunition was located in the sole bedroom, inside a bag, in a cupboard, over the bed. BUSTAMANTE indicated that on October 24th, she remained in her truck while MARTINEZ went inside the residence. BUSTAMANTE's description of the residence they visited matched the physical characteristics of a residence in Cuarteles, New Mexico where law enforcement believes MARTINEZ and D.S. encountered each other. BUSTAMANTE overheard arguing and saw D.S. and J.M. depart the residence. BUSTAMANTE indicated MARTINEZ had acknowledged he was using heroin again.

8. On February 1, 2019, J.R. was interviewed regarding the shooting of D.S. J.R. indicated D.S. was at his residence and MARTINEZ arrived. D.S. and MARTINEZ argued about their altercation at the jail and MARTINEZ wanted D.S. to go outside to fight. MARTINEZ then exited the residence and returned with a black semi-automatic handgun and shot D.S. J.R. believed MARTINEZ would have killed D.S. but L.L. stopped him. MARTINEZ told J.M. to take D.S. to

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

the hospital. J.R. indicated MARTINEZ was there to pick up a "stash." I believe a "stash" is a re-supply of drugs.

9. On February 1, 2019, L.L was interviewed regarding the shooting of D.S. L.L stated she saw J.R with D.S. She was in the bathroom when she heard a loud pop and observed MARTINEZ with a gun. L.L. grabbed MARTINEZ by the arm as D.S. crawled and asked to be taken to a hospital.

10. Based on my training and experience, I know no firearms are manufactured in New Mexico, and therefore, any firearm utilized in the shooting of D.S. traveled in interstate commerce.

**Conclusion:**

11. Based on the above information, I believe that there is probable cause to believe that MARTINEZ violated 18 U.S.C. § 922(g) – Felon in Possession of a Firearm and Ammunition.

Respectfully submitted,

Nancy Stemo
FBI Special Agent

Subscribed and sworn to before me on August 23, 2019:

B. Paul Briones
U.S. Magistrate Judge

Page | 3